*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0544**

In re the Matter of: Angel A. Fernandez, petitioner,
Respondent,

vs.

Cindy Marbella Anariba,
Appellant.

**Filed January 30, 2017
Remanded
Stauber, Judge**

Hennepin County District Court
File No. 27-FA-15-546

Angel A. Fernandez, Minneapolis, Minnesota (pro se respondent)

Brianna H. Boone, Elizabeth J. Richards, Minnesota Coalition for Battered Women, St. Paul, Minnesota (for appellant)

Nathan J. Hartshorn, Assistant Attorney General, St. Paul, Minnesota (for amicus curiae Minnesota Secretary of State Steve Simon)

Caroline S. Palmer, Minnesota Coalition Against Sexual Assault, St. Paul, Minnesota (for amicus curiae)

Kristine Lizdas, Battered Women's Justice Project, Minneapolis, Minnesota (for amicus curiae)

Rana Alexander, Battered Women's Legal Advocacy Project, Minneapolis, Minnesota (for amicus curiae)

Considered and decided by Stauber, Presiding Judge; Worke, Judge; and Bratvold, Judge.

**STAUBER**, Judge

Appellant-mother, a participant in the Safe at Home (SAH) program, challenges the district court's order requiring her to disclose her address to respondent-father. Appellant argues that the district court failed to follow the requirements of Minn. Stat. § 5B.11 (2016). Because the parties have resolved all of their disputes and there is no existing controversy, the issue is moot. We, therefore, remand to the district court to dismiss the order requiring appellant to disclose her address to respondent.

**FACTS**

Appellant Cindy Marbella Anariba and respondent Angel A. Fernandez signed a recognition of parentage for their child born in March 2014. Respondent filed a petition for custody and parenting time against appellant. Appellant filed an answer and counterpetition seeking joint legal and joint physical custody of the child and requesting that child support be established. Appellant listed the child's address as a confidential address in Hennepin County and requested that she not be required to disclose it.

The parties stipulated to custody and parenting time. The district court held an evidentiary hearing on the child support and confidential address issues. Appellant testified that she applied to the SAH program because respondent began stalking her after their separation. Respondent's testimony did not address the stalking allegations. Respondent testified that he wanted to know the child's address so he could make sure the child was in a safe environment. Appellant stated that she was willing to disclose

information about her living situation to respondent and that she would allow someone from a state agency to verify that the child was in a safe environment.

The district court ordered appellant to disclose the child's residence address to respondent. This appeal followed. Respondent did not file a brief on appeal, so this court directed the appeal to proceed under Minn. R. Civ. App. P. 142.03. This court granted leave to the Battered Women's Justice Project, the Battered Women's Legal Advocacy Project, and the Minnesota Coalition Against Sexual Assault to file an amici curiae brief. This court also granted leave to the Office of the Minnesota Secretary of State to file an amicus curiae brief.

## D E C I S I O N

The purpose of the SAH program is to protect "individuals attempting to escape from actual or threatened domestic violence, sexual assault, or stalking." Minn. Stat. § 5B.01 (2016). The secretary of state shall certify an eligible person as a program participant when specified criteria are met, one of which is a statement by the applicant that the applicant has good reason to believe that the eligible person is a stalking victim. Minn. Stat. § 5B.03 (2016). Minn. Stat. § 5B.11 states:

> If a program participant's address is protected under section 5B.05, no person or entity shall be compelled to disclose the participant's actual address during the discovery phase of or during a proceeding before a court or other tribunal unless the court or tribunal finds that:
> (1) there is a reasonable belief that the address is needed to obtain information or evidence without which the investigation, prosecution, or litigation cannot proceed; and
> (2) there is no other practicable way of obtaining the information or evidence.

3

The court must provide the program participant with notice that address disclosure is sought and an opportunity to present evidence regarding the potential harm to the safety of the program participant if the address is disclosed. In determining whether to compel disclosure, the court must consider whether the potential harm to the safety of the participant is outweighed by the interest in disclosure. In a criminal proceeding, the court must order disclosure of a program participant's address if protecting the address would violate a defendant's constitutional right to confront a witness.

The district court did not make the findings required under the statute before ordering address disclosure. Instead, the district court's order was based primarily on its determination that the SAH program "does not allow for due process" because there was no notice to respondent of appellant's application to the SAH program and no opportunity for him to contest the application.

Minnesota courts conduct "a two-step analysis to determine whether the government has violated an individual's procedural due process rights." *Rew v. Bergstrom*, 845 N.W.2d 764, 785 (Minn. 2014). The first step is to "identify whether the government has deprived the individual of a protected life, liberty, or property interest." *Id.* "If the government's action does not deprive an individual of such an interest, then no process is due." *Id.* "[I]f the government's action deprives an individual of a protected interest, then the second step requires [the court] to determine whether the procedures followed by the [government] were constitutionally sufficient." *Id.* (quotation omitted).

A parent who has established a sufficient relationship with a child has a protected liberty interest in the relationship. *Heidbreder v. Carton*, 645 N.W.2d 355, 372 (Minn. 2002). "[P]arents have a fundamental liberty interest in the care, custody, and control of

4

their children." *Rew*, 845 N.W.2d at 786.  But we need not decide whether this protected interest extends to knowing the location of a child's residence or whether the statutory procedure governing disclosure is sufficient to protect such an interest for two reasons.

First, respondent has not notified the attorney general that he is challenging the constitutionality of a statute.  *See* Minn. R. Civ. P. 144 (requiring party challenging the constitutionality of a statute in an appellate proceeding to notify the attorney general).  Generally, this court will decline to consider the constitutionality of a statute when the attorney general has not been notified.  *See Minn. Ins. Guar. Ass'n v. Integra Telecom, Inc.*, 697 N.W2d 223, 230-31 (Minn. App. 2005) (declining to consider due-process challenge to statute when notice not given to attorney general), *review denied* (Minn. Aug. 16, 2005).  On this ground alone, we decline to address the due-process issue.

Second, the dispute is moot, and the issue no longer justiciable.  The issue of disclosure was raised in connection with respondent's motion on custody and parenting time.  At oral argument, appellant's counsel conceded that these issues have been resolved and that there is no existing controversy between the parties.  To the extent that respondent raised a safety concern about appellant's home, there is no record evidence substantiating that concern, and appellant agreed to allow a state agency representative to verify the safety of the child's environment.  Because there is no existing controversy, the disclosure issue is moot.  *See Dean v. City of Winona,* 868 N.W.2d 1, 4-5 (Minn. 2015) ("Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." (quotation omitted));

5

*Citizens for Rule of Law v. Senate Comm. on Rules & Admin.*, 770 N.W.2d 169, 175 (Minn. App. 2009) ("[T]he doctrine requires a comparison between the relief demanded and the circumstances of the case at the time of decision in order to determine whether there is a live controversy that can be resolved." (quotation omitted)), *review denied* (Minn. Oct. 20, 2009).

We, therefore, remand the case to the district court to dismiss the order requiring appellant to disclose her address to respondent.

**Remanded.**